UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ENOCSHA BOYD, | ) |
| Petitioner, | ) ) ) |
| vs. | ) No. 1:17-cv-02734-TWP-TAB ) |
| WARDEN, | ) ) ) |
| Respondent. | ) |

**Entry Dismissing Petition for Writ of Habeas Corpus**

The petitioner filed a writ of habeas corpus challenging a prison disciplinary proceeding, IWP 17-01-0048. The respondent has filed a motion to dismiss arguing that the challenged disciplinary proceeding and the sanctions resulting therefrom have been vacated, making this action moot. For the reasons set forth below, the respondent's motion to dismiss, dkt. [9], is **granted** and this action is dismissed as moot.

The petitioner was subject to disciplinary proceeding IWP 17-01-0048, in which she was found guilty of attempted assault/battery. Her sanctions included the demotion from credit class B to credit class C and suspended 90-day deprivation of earned credit time. She filed the instant petition for a writ of habeas corpus on August 10, 2017. While the instant case was pending, the Indiana Department of Correction final reviewing authority, on November 8, 2017, vacated the petitioner's disciplinary conviction and sanctions and designated the case for re-hearing.

"A case becomes moot when it no longer presents a case or controversy under Article III, Section 2 of the Constitution." *Eichwedel v. Curry*, 700 F.3d 275, 278 (7th Cir. 2012). "In general a case becomes moot when the issues presented are no longer live or the parties lack a

legally cognizable interest in the outcome." *Id.* (citation and quotation marks omitted). A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254 only if it finds the applicant "is *in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). Therefore, a habeas action becomes moot if the Court can no longer "affect the duration of [the petitioner's] custody." *White v. Ind. Parole Bd.*, 266 F.3d 759, 763 (7th Cir. 2001).

Here, the petitioner's conviction and sanctions were vacated and thus can no longer affect the duration of her custody. Accordingly, the petitioner's habeas action is moot. *See id.* An action which is moot must be dismissed for lack of jurisdiction. *See Diaz v. Duckworth*, 143 F.3d 345, 347 (7th Cir. 1998).

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 12/6/2017

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Electronic distribution to counsel of record via CM/ECF and by U.S. mail to:

ENOCSHA BOYD
289325
INDIANA WOMENS PRISON
INDIANA WOMENS PRISON
Inmate Mail/Parcels
2596 Girls School Road
Indianapolis, IN 46214